## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

DERRICK CORKER,

     Plaintiff,

vs.

THE CITY OF NORTH MIAMI,
a municipal corporation authorized to do business
under the laws of the State of Florida,

     Defendant,

_____/

## VERIFIED AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

     Plaintiff, **DERRICK CORKER** ("CORKER"), files this Complaint and sues

the Defendant, **CITY OF NORTH MIAMI** ("City"), for violations of Title VII of

the Civil Rights Act of 1964, Title 42 United States Code Section 2000 *et seq,* based

on race, ethnicity, and retaliation; and Violations of Title 42, United States Code,

Section 1983 as well as the Due Process Clause of the 14th Amendment and the First

Amendment to the United States Constitution and states as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §

   1337, Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section

   2000e-16 and Title 42 United States Code, Section 1983.

## CONDITIONS PRECEDENT

2. All conditions precedent have been met, waived or otherwise excused. Plaintiff Corker filed a timely Complaint with the EEOC and received a Right to Sue Letter followed by the timely initiation of this lawsuit.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida, in that the Plaintiff was employed by the City of North Miami, Florida, which is located in Miami-Dade County, Florida, and all of the acts of discrimination took place in this jurisdiction.

## PARTIES

4. Corker, the Plaintiff, was an employee with the City of North Miami until July 19th, 2020. The City is a duly Chartered Florida Municipal Corporation in the State of Florida, and at all times material was engaged in business in Miami-Dade County, Florida. At all times material, City was the employer of the Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964.

## I.     INTRODUCTION

5. Corker was a dedicated civil servant. The City belittled and ultimately terminated Corker because of his race and ethnicity. It also took away his property interest in his employment through procedures so woefully deficient as to constitute violations of his Due Process Rights and inflicted damages in retaliation for his truthful criticism of the City under the First Amendment.

## THE FACTS

6.  Corker is an African-American who served as the City's Parks Director in the City of North Miami from November, 2014 until he was illegally terminated on July 19th, 2020.

7.  Corker reported misconduct, malfeasance, illegal conduct, and gross financial misspending in the following areas:

    a.  Political interference and discrimination in the hiring of the City's parks department employees;

    b.  Violations of Federal, State and Local Statues and Ordinances in the hiring, supervision and retention of City employees;

    c.  The submission of false information in connection with internal City investigations;

    d.  Violation of Federal, State and Local labor rules and regulations;

    e.  Theft of taxpayer funds by City vendors and;

    f.  Improper remuneration to City Officials in connection with the hiring of its Parks Department  employees;

8.  Among other things, as the City's Parks Director, Corker was pressured to hire unqualified employees based on prohibited factors such as race and ethnicity and he objected to this.

9.  Corker filed written complaints about this malfeasance, misconduct, and mismanagement and also participated in investigations concerning such conduct both internally after reporting it management, and to the Miami-Dade Commission on

Ethics.

10. Both during their investigations and in public testimony and public statements, Corker was critical of the City and its officials for what he states was a retaliatory witch-hunt against him.

11. Corker was frequently unable to take appropriate disciplinary action on others by directive from City public officials in violation of the City Charter, based on the race and ethnicity of the employee.

12. Employee misconduct was diligently documented and found non-compliant in a number of situations that Corker was told not to act on because of their race and relationships with certain council members.

13. For instance, on 10/21/2019, a Parks Specialist II for the City took money from a renter and allowed unauthorized usage of the parks and amenities. This should result in immediate termination, but Corker was told to issue a write-up in lieu of termination and issue a small leave of absence (administrative leave with pay).

## II.   DISCRIMINATORY TREATMENT

14. Corker was forced by the then Vice Mayor to employ five part time Haitian Americans that did not qualify for the positions hired.

15. Corker was told that because the City was predominantly Haitian that the hiring and retention of Haitian Americans to keep the mayors and council politically happy with their constituents.

16. In 2020, the City hired replaced certain high level African American employees with Haitian American employees, including the City Manager.

17. Corker was informed by City officials that there was a desire to replace Department Heads, including Parks Director with Haitian Americans.

18. To effectuate this objective, Corker, an African American, was terminated with no due process and no explanation offered.

19. While Corker was terminated, Haitian American employees were hired, promoted and retained who were not as qualified as Corker.

20. While Corker was fired based on false allegations from which he was exonerated, Haitian employees and officials were immune from such discipline.

21.  When Corker complained about the double standard and the blatant race and ethnic based discrimination, he was subjected to harassment and false accusations.

22. The City then took adverse action against him on July 19th, 2020, when the City fired him in retaliation for his protected behavior.

23. Corker had a property interest in his employment based upon him being hired and employed under a Civil Service system.

24. However, his property interest in his employment was taken away with no due process, or actually no process at all.

25. Although the City had a Civil Service process, that process was flawed and, in any event, no process was followed with regard to Corker.

26. Corker had his property interest in his employment and benefits taken away without any due process.

## COUNT I
## DISCRIMINAITON BASED ON RACE AND ETHNCIY
## IN VIOLATION OF TITLE VII

27. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff is an African-American.

29. He was terminated because of his race and ethnicity.

30. As a direct and proximate result, Plaintiff has suffered permanent damages.

**WHEREFORE**, Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

31. Plaintiff re-alleges paragraphs 1 through 26 above as if fully set forth herein;

32. Plaintiff complained about the racial and ethnic discrimination of himself and other's;

33. As a direct and proximate result of her engaging in his protected activities and in direct retaliation for him engaging in his protected activities, the Plaintiff was subjected to adverse employment action in a tangible way, denial of employment opportunities, and deprivation of benefits and termination;

34. As a direct and proximate result, Plaintiff has suffered permanent damages.

**WHEREFORE**, Plaintiff demands judgment for damages against the CITY OF NORTH MIAMI, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT III
### (Violation of the First and 14th Amendment)
### (Section 1983)

35. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

36. The City, under color of law, punished the Plaintiff for exercising his First Amendment Rights

37. The City violated the Plaintiff's First Amendment Rights as a policy and practice of targeting whistleblowers and critics and the City adopted and enforced the decisions of the policy makers who punished Corker.

38. The City retaliated against and harmed the Plaintiff because of the exercise of his First Amendment Rights.

39. As a direct and proximate result of the violations of Plaintiff's First and Fourteenth Amendment rights, Plaintiff has suffered mental and emotional pain and suffering, mental anguish, embarrassment, humiliation and other damages.

**WHEREFORE,** Plaintiff demands judgment for compensatory and special damages, punitive damages, an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs pursuant to 42 U.S.C. §§ 1920 and 1988, and all other relief the Court may deem just and proper.

## COUNT IV
### (Deprivation of Property and Rights without Due Process)
### (Section 1983)

40. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

41. The City enforced a practice and custom of terminating employees without due process.

42. Corker had a property interest in his employment.

43. The City knowingly adopted and enforced the deprivation of Corker's deprivation of his property without due process.

44. As a direct and proximate result of the aforementioned acts and omissions, Plaintiff's Constitutional rights have been violated. By their acts and omissions, the City officials, acted under the color of state law to deprive Plaintiff of his Constitutional rights without due process in violation of 42 U.S.C. § 1983.

45. As a direct and proximate cause of the violations of Plaintiff's rights, Plaintiff has suffered severe mental and emotional pain and suffering, mental anguish, embarrassment, humiliation, and other damages.

**WHEREFORE**, Plaintiff demands judgment for compensatory and special damages, punitive damages, an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs pursuant to 42 U.S.C. §§ 1920 and 1988, and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

## VERIFICATION

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed in Miami-Dade County this 10th day of July 2021.

_____
DERRICK CORKER

Respectfully submitted,

**MICHAEL A. PIZZI, JR.,** Esq.
*Attorney for the Plaintiff*
Florida Bar No 079545
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida, 33014
Phone:(305) 986-2277
Fax:   (305) 777-3802
E-mail: mpizzi@pizzilaw.com

By: */s/ Michael A. Pizzi, Jr.*
MICHAEL A. PIZZI, Jr., Esq.